# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY, 10007
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
dharrison@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, 2nd floor
Red Bank, NJ 07701

October 13, 2021

**VIA ECF**

Honorable James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

     Re:    *Martinez et. al. v. Avalanche Construction Group, Inc. et al.* 20-cv-11065 KPF

Dear Judge Cott:

     On behalf of my clients, Plaintiffs Elvis Martinez and Ernesto Vera ("Plaintiffs"), I am pleased to advise the Court that Plaintiffs recently entered into two separate settlement agreements – one with Defendants LHOTSE CORP d/b/a TRIDENT CONTRACTING and LHOTSE CONTRACTING CORP (the "Lhotse Defendants") and another with Defendants AVALANCHE CONSTRUCTION GROUP INC and ARTUR WILK (the "Avalanche Defendants").[1] The Lhotse Defendants and the Avalanche Defendants are collectively referred to herein as the "Defendants". As per this Court's September 27th Order (ECF Doc. # 37), Plaintiffs respectfully request that the Court approve both agreements - attached hereto as Exhibits "A" and "B" - and the settlements of the wage and hour claims in this case as final, fair, reasonable, adequate, and binding on the parties, and that the Court dismiss this litigation while retaining jurisdiction over the implementation of the agreements.

     The terms of the agreements provide that in exchange for Plaintiffs discontinuing this litigation and executing in favor of Defendants wage and hour releases, Defendants shall pay Plaintiffs a combined total of $32,000.00 (the "Settlement Amount"), inclusive of attorney's fees and disbursements.

     The parties settled this case after Defendants' disclosure of the relevant time-records - which enabled Plaintiffs calculate their damages. Counsel for the parties then negotiated over

---

[1] Defendant A & P Quality Construction Inc. ("A&P") has never appeared in this action and inasmuch as the parties have entered in the two settlement agreements, Plaintiffs consent to dismissing it with the Court's approval.

1

the course of numerous telephone calls – as well as one pre-mediation call with the Court appointed mediator – before reaching agreement. At all times the parties' counsel negotiated hard, and all negotiations occurred at arms' length.

The Settlement Amount of $32,000.00 is an excellent result. That is because the timesheets produced by the Avalanche Defendants reflect only 48 overtime hours worked by Plaintiff Martinez and 42 by Plaintiff Vera – and show that there were numerous weeks when Plaintiffs did not work a full work-week (due to weather or other reasons), along with a several month long shut-down due to the Covid-19 pandemic. At a rate of $25/hour – and having been paid at straight-time – each of Plaintiff's unpaid overtime damages is thus less than $1,000.00. Even with liquidated damages and NYLL 195(1) and (3) statutory penalties each Plaintiff's damages are about $12,000.00. While Plaintiffs claimed that there were additional hours worked that were not reflected on the timesheets, because Plaintiffs did not maintain records of their claimed off-the-clock time, risks existed that Plaintiffs' version of their hours worked might not be believed. Further, because Plaintiffs anticipated difficulties in locating witnesses willing to testify against Defendants – and because Defendants would be more likely to find management or current/former employees to back up their positions - the amount of any off the clock work is speculative. Plaintiffs thus agreed to the Settlement Amount, and believe it to be an excellent result, because, in addition to receiving their money much sooner, and not having to wait months or years, the Settlement Amount is substantially more than their estimated damages that they could have recovered had they won at trial.

Plaintiffs also wished to forego the uncertainties of litigation and the hassle _and_ expense of proceeding through discovery, depositions, and trial, nor did they want to have to take time off from work for depositions, conferences, and trial.

Plaintiffs thus believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

## **ATTORNEYS' FEES & COSTS**

From the Settlement Amount, $1,047.00[2] will be deducted for costs, $20,635.34 will be paid out to Plaintiffs - $10,317.67 to each of them - and $10,317.66, is allocated for attorneys' fees. This amount represents the one-third contingency - agreed upon by Plaintiffs in their retainer agreement – that is regularly approved in this circuit in FLSA and NYLL cases. *See Santos v. E T & K Foods, Inc.,* No. 16-CIV-7107(DLI)(VMS), 2019 WL 2435857, at *9 (E.D.N.Y. Feb. 26, 2019) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit") (citing case); *Sumba Lema v. LIC Evergreen Cleaners Inc.,* No. 19-CV-836 (WFK) (LB), 2019 WL 6312378, at *4 (E.D.N.Y. Nov. 8,

---

[2] Costs were: (i) filing fee of $402, and (ii) process server (including Secretary of State fees) costs of $645.00. Process server costs are higher than normal here because there were multiple Defendants – including two sets of corporate Defendants – and Plaintiffs encountered difficulties in locating, and serving, the proper Defendants. *See* ECF #8, 14-18.

2019), *report and recommendation adopted*, No. 19-CV-836 (WFK) (LB), 2019 WL 6307412 (E.D.N.Y. Nov. 25, 2019) ("Courts in this district generally find 33% of the overall settlement, the one-third contingency fee arrangement, to be reasonable*") (*citing cases*); Fernandez v. Masterypro Grp.,* No. 18-CIV-4540 (HBP), 2019 WL 4412804, at *3 (S.D.N.Y. Sept. 16, 2019) (finding the fee to be reasonable; contingency fees of one-third in FLSA cases are routinely approved in this Circuit); *Santiago v. Church Ave. Express Inc.*, No. 18-CV-1594(RJD)(LB), 2020 WL 1877968, at *4 (E.D.N.Y. Jan. 22, 2020) (finding "30% of the total settlement [to be] a reasonable and appropriate attorney's fee award"); *Aly v. Dr. Pepper Snapple Grp., Inc.*, No. 18-CV-4230 (FB)(LB), 2019 WL 3388947, at *5 (E.D.N.Y. June 13, 2019), *report and recommendation adopted,* No. 18-CV-4230 (FB) (LB), 2019 WL 3388925 (E.D.N.Y. July 26, 2019) ( plaintiffs' attorney's fees in the amount of $10,000.00 should be approved as fair and reasonable in this case. This amount represents one-third of the proposed settlement.); *Shamsundar v. FCS Grp. LLC,* No. 18-CV-2514(KAM)(LB), 2019 WL 3716198, at *4 (E.D.N.Y. May 22, 2019*)* (Finding that plaintiff's counsel's fee award of [one-third] in this action is fair and reasonable. "[A] one-third contingency fee is a commonly accepted fee in this Circuit.) (citing cases).

The attorneys' fees agreed to by the parties in the Settlement Agreement of $10,317.66 is less than the lodestar, which totals $14,370.00. Under the lodestar method, Plaintiff's counsel invested 28.4 attorney hours (28.2 hours billed by David Harrison, Esq., and .2 hours billed by Julie Salwen, Esq.) and 2 law clerk/paralegal[3] hours, to date in this litigation.[4]

## **PLAINTIFF'S COUNSEL'S QUALIFICATIONS**

David Harrison received his law degree from Benjamin N. Cardozo School of Law in 2004 and has been the Managing Partner at Harrison, Harrison & Associates ("HHA"), a law firm dealing almost exclusively with employee rights, ever since it was founded more than ten years ago. During this period, Mr. Harrison has served, and currently serves, as plaintiffs'-side counsel in numerous Fair Labor Standards Act ("FLSA") and NYLL wage and hour individual, multi-plaintiff, collective and putative class actions in various New York State Courts and administrative agencies, and in Federal Courts including the Southern and Eastern Districts of New York, the District of New Jersey, the Northern District of Illinois (admitted *pro hac vice*), the District of Connecticut (admitted *pro hac vice*), and the Central District of California (admitted *pro hac vice*). Mr. Harrison is licensed to practice law before all of the courts of the States of New York, New Jersey, and Florida, as well as the Southern and Eastern Districts of New York, the District of New Jersey, the Second Circuit Court of Appeals, the Third Circuit Court of Appeals, and the United States Supreme Court.

Over the last several years, Mr. Harrison and HHA have been appointed class/collective counsel or counsel for representative plaintiffs in numerous FLSA wage and hour collective/class actions. *See e.g. Ahmed Elshamy et. al. v. The Halal Guys, Inc. et. al.*, No. 18-CV-03468 (AT)

---

[3] The Law Clerk/Paralegal hours in this case were all spent by Samanthan Bonaro, a paralegal employed by our firm in the first half of this year.

[4] The rates were calculated based on hourly rates of $500/hour for David Harrison, $350/hour for Julie Salwen, and $125/hour for Legal Assistant/Paralegal time.

(S.D.N.Y., Aug. 27, 2018)(conditionally certifying FLSA collective and appointing David Harrison counsel for the FLSA collective in a FLSA/NYLL case involving dozens of food-cart workers); *Perez v. Isabella Geriatric Ctr., Inc.*, No. 13-CV-7453 (RA), 2016 WL 5719802, at *3 (S.D.N.Y. Sept. 30, 2016)(appointing David Harrison Class Counsel in a FLSA/NYLL case involving approximately 950 certified nursing assistants); *Poonam Sharma et. al. v. Burberry Limited*, 12-CV-06356 (LDW)(AKT) (E.D.N.Y., August 12, 2015) (appointing HHA and David Harrison Class Counsel and granting final approval of $1.45 million FLSA collective and class action settlement); *Evan Hightower v. JPMorgan Chase Bank, N.A.*, CV 11-1802 (PSG)(PLA) (Cent. Dist. Calif., August 4, 2015) (granting final approval of $12 million FLSA collective and class action settlement involving over 149,000 class members); *Luis P. Taipe et. al. v. MC&O Contracting, Inc. et. al.,* No. 12-cv-4479 (JMA) (E.D.N.Y., June 18, 2015) (appointing HHA and David Harrison Class Counsel and granting preliminary approval of class action settlement involving 770 construction workers); *Dimitra Verikios et. al. v. Taina Corp., et. al.*, No. 12-cv-2592(MAS)(TJB) (D.N.J. March 17, 2015) (granting final approval of class action settlement involving 412 class members).

      Julie Salwen is a 2008 graduate of Fordham University School of Law School and is licensed to practice law before all of the courts of the States of New York and New Jersey, as well as the Southern and Eastern Districts of New York, the District of New Jersey, and the Second Circuit Court of Appeals.  Ms. Salwen has worked for HHA since October 2013.  Throughout her time at HHA, Ms. Salwen has devoted 100% of her time to working on plaintiff-side employment litigation matters, including numerous wage and hour individual, multi-plaintiff, collective and class actions and has also been appointed as co-lead counsel on several cases that have been certified as collective and/or class actions.  Ms. Salwen has served on the Amicus Committee of NELA-NY and has authored several appellate briefs in support of NELA-NY and employee rights' issues.

      In light of the above, Plaintiffs respectfully request that this Court approve both settlement agreements and discontinue this case while retaining jurisdiction over the implementation of the agreements.   We thank the Court for its attention to this matter.

      Respectfully submitted,

      <u>/S/ DAVID HARRISON</u>
      David Harrison

cc: All Counsel of Record (VIA ECF)

# Exhibit "A"

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made and entered into by and between Plaintiffs ELVIS MARTINEZ and ERNESTO VERA, (hereinafter referred to as "Plaintiffs"), and AVALANCHE CONSTRUCTION GROUP INC and ARTUR WILK (hereinafter referred to as "Defendants"); and

**WHEREAS**, on December 30, 2020, Plaintiffs filed, in the United States District Court for the Southern District of New York, a complaint in an action entitled *Martinez et al v. Avalanche Construction Group Inc et al*, Civil Action No. 1:20-cv-11065 (KPF). Plaintiffs' Complaint asserts violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and

**WHEREAS**, after having filed an Answer, Plaintiffs' counsel and Defendants' counsel have had settlement discussions and Defendants expressed a desire to fully and finally resolve and settle in full all claims that Plaintiffs had, or may have, against Defendants.

**WHEREAS**, Plaintiffs and Defendants have agreed to settle this case in exchange for a payment in the amount of twenty thousand dollars ($20,000.00); and

**NOW, THEREFORE,** Plaintiffs and Defendants, in consideration of the promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1.  <u>No Admission of Liability</u>: By entering into this Agreement, Defendants and Plaintiffs do not in any way admit liability or wrongdoing toward one another or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by

under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiffs have asserted or could have asserted in connection with Plaintiffs employment with Defendants.

    2.   <u>Consideration</u>:

    a.   In consideration for Plaintiffs entering into this Agreement and in full and complete satisfaction of their claims against Defendants, Defendants agree to pay Plaintiffs a settlement payment, the gross amount of which shall be twenty thousand dollars ($20,000.00) (the "Settlement Payment"). The Settlement Payment – payable in two installments: (i) the first $10,000 paid within three (3) days of Plaintiffs' execution of this agreement, and (ii) the second $10,000 paid thirty (30) days thereafter - shall be wired into Plaintiffs' counsel's escrow account <u>or</u> delivered via overnight mail to David Harrison, Esq., Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite #10, Red Bank, NJ 07701. In the event that the Settlement Payment is not paid on time, after email notice to Defendants' counsel (at <u>danperlma@aol.com</u>) and five (5) day cure period has passed without payment – Defendants agree that the Court shall immediately enter judgement against them in the amount of the unpaid Settlement Payment, plus an additional $8,000.00 and attorney fees and costs resulting from their breach.

    b.   Upon his receipt of the funds/check(s), Plaintiffs' counsel shall hold same in escrow – and shall not release the funds/check(s) to Plaintiffs - until the Court approves the parties' settlement or the Defendants are otherwise dismissed from this case.

3.<u>Voluntary Dismissal with Prejudice</u>:

    a.   Plaintiffs represent that other than the instant action referenced above they have not filed with any court, government agency or other tribunal any action, complaint, charge, grievance or arbitration against one another, and will not do so at any time in the future.

2

      b. Plaintiffs hereby authorize and direct their attorneys to dismiss the action with prejudice.

      c. Plaintiffs' counsel shall deliver to Defendants' counsel, for Defendants' counsel to file with the Court, a stipulation of dismissal dismissing Defendants from this case.

4.<u>Release by Plaintiffs</u>

      a. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants AVALANCHE CONSTRUCTION GROUP INC and ARTUR WILK from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands, concerning wage and hour matters, including, but not limited to, any and all wage and hour claims, arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, and unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, and reimbursements, during Plaintiffs' employment with Defendants. This release is limited solely and only to wage and hour claims against Defendants AVALANCHE CONSTRUCTION GROUP INC and ARTUR WILK that have arisen on, or prior to, the date this Agreement is executed and it does not release or discharge any claims that may occur after that date.

5. <u>Agreement Not to Publicize</u>: Plaintiffs agree that they will not publicly publicize the terms of this Agreement in the print media or on social media.

6. <u>Applicable Law</u>: This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York.

7. <u>Enforceability</u>: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

8. <u>Interpretation of Agreement</u>: The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

9. <u>Headings</u>: The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

10. <u>Voluntary Agreement</u>: Plaintiffs agree and affirm that:

    a.    They have carefully read and fully understand all of the provisions of this Agreement;

    b.    They were hereby advised and is advised to consider carefully the terms of this Agreement and consult with their attorney prior to executing this Agreement;

    c.    They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;

4

d. They have consulted with their attorney of choice before executing this Agreement;

e. This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised in the Complaint;

f. No promise or representation of any kind or character has been made by any Defendant or by anyone acting on their behalf to induce this Agreement, and that Plaintiffs have not been forced or pressured in any way to sign this Agreement;

g. Plaintiffs are, through this Agreement, releasing Defendants from any and all wage and hour claims that they may have against any of them in exchange for the payment described herein;

h. Plaintiffs knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

11. <u>No Other Representations or Agreements</u>: Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

12. <u>No Modification Except In Writing</u>: This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

13. <u>Execution In Counterpart</u>: This Agreement may be executed electronically (via DocuSign) and in counterpart by each party, and each executed Agreement, when taken together, shall constitute a complete Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Date: 9/19, 2021

_____
ELVIS MARTINEZ

Date: 9/19, 2021

_____
ERNESTO VERA

Date: 9/15, 2021

AVALANCHE CONSTRUCTION GROUP INC
By: _____
ARTUR WILK

Date: 9/15, 2021

_____
ARTUR WILK

# Exhibit "B"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made and entered into by and between Plaintiffs ELVIS MARTINEZ and ERNESTO VERA, (hereinafter referred to as "Plaintiffs"), and LHOTSE CORP. d/b/a TRIDENT CONTRACTING, and LHOTSE CONTRACTING CORP (hereinafter referred to as "Defendants" and collectively as the "Parties"); and

**WHEREAS**, on December 30, 2020, Plaintiffs filed, in the United States District Court for the Southern District of New York, a complaint in an action entitled *Martinez et al v. Avalanche Construction Group Inc et al*, Civil Action No. 1:20-cv-11065 (KPF), asserting violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and

**WHEREAS**, on June 3, 2021, Plaintiffs filed, in the United States District Court for the Southern District of New York, an Amended Complaint in this action ("Amended Complaint"); and

**WHEREAS**, the Defendants deny all liability associated with the allegations in the Amended Complaint; and

**WHEREAS**, Plaintiffs' counsel and Defendants' counsel have had settlement discussions and Defendants expressed a desire to fully and finally resolve and settle in full all claims that Plaintiffs had, or may have, against Defendants.

**WHEREAS**, Plaintiffs and Defendants have agreed to settle this case in exchange for a payment in the amount of twelve thousand dollars ($12,000.00); and

**NOW, THEREFORE,** Plaintiffs and Defendants, in consideration of the promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. <u>No Admission of Liability</u>: By entering into this Agreement, Defendants and Plaintiffs do not in any way admit liability or wrongdoing toward one another or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiffs have asserted or could have asserted in connection with Plaintiffs' employment with Defendants.

2. <u>Consideration</u>:

a. In consideration for Plaintiffs entering into this Agreement and in full and complete satisfaction of their claims against Defendants, Defendants agree to pay Plaintiffs a settlement payment, the gross amount of which shall twelve thousand ($12,000.00) (the "Settlement Payment"). The Settlement Payment shall be wired into Plaintiffs' counsel's escrow account <u>or</u> delivered via overnight mail to David Harrison, Esq., Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite #10, Red Bank, NJ 07701 within ten (10) business days of Plaintiffs' execution of this Agreement.

b. Upon his receipt of the funds/check(s), Plaintiffs' counsel shall hold same in escrow – and shall not release the funds/check(s) to Plaintiffs - until this Agreement is executed by the Parties, the Court approves the Parties' settlement, and the Defendants are otherwise dismissed from this case with prejudice by the filing of a Stipulation of Discontinuance as outlined in paragraph three (3) below.

3. <u>Voluntary Dismissal with Prejudice</u>:

a. Plaintiffs represent that other than the instant action referenced above they have not filed with any court, government agency or other tribunal any action, complaint, charge, grievance or arbitration against Defendants, and will not do so at any time in the future.

2

b. Plaintiffs hereby authorize and direct their attorneys to dismiss the action with prejudice.

c. Plaintiffs' counsel shall file with the Court a stipulation of dismissal dismissing Defendants from this case with prejudice.

4. Release by Plaintiffs

a. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely to conduct that has arisen on, or prior to, the last date this Agreement is executed by the Parties, fully and forever release, relieve, waive, relinquish, and discharge Defendants LHOTSE CORP. d/b/a TRIDENT CONTRACTING, and LHOTSE CONTRACTING CORP., their parents, subsidiaries, affiliates, owners, officers, directors, supervisors, and employees, exclusive of any subcontractors (the "Releasees") from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands, concerning wage and hour matters, including, but not limited to, any and all wage and hour claims, arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, and unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, and reimbursements, during Plaintiffs' employment with Defendants. This release is limited solely and only to wage and hour claims against Releasees that have arisen on, or prior to, the last date this Agreement is executed by the Parties and it does not release or discharge any claims that may occur after that date. Further, this Release does not release or

discharge any claims against the other defendants in this case, namely AVALANCHE CONSTRUCTION GROUP INC, A & P QUALITY CONSTRUCTION INC, and ARTUR WILK, and their parents, subsidiaries, affiliates, owners, officers, directors, supervisors, and employees, each of whom are specifically excluded from this Release.

5. Agreement Not to Publicize: Plaintiffs agree that they will not publicly publicize the terms or existence of this Agreement in the print media or on social media.

6. Applicable Law: This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York.

7. Enforceability: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

8. Interpretation of Agreement: The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all Parties have fully participated in the preparation of all provisions of this Agreement.

9. Headings: The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

10. Voluntary Agreement: Plaintiffs agree and affirm that:

    a.    They have carefully read and fully understand all of the provisions of this Agreement;

b. They were hereby advised and is advised to consider carefully the terms of this Agreement and consult with their attorney prior to executing this Agreement;

c. They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;

d. They have consulted with their attorney of choice before executing this Agreement;

e. This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised in the Amended Complaint;

f. No promise or representation of any kind or character has been made by any Defendant or by anyone acting on their behalf to induce this Agreement, and that Plaintiffs have not been forced or pressured in any way to sign this Agreement;

g. Plaintiffs are, through this Agreement, releasing Releasees from any and all wage and hour claims that they may have against any of them in exchange for the payment described herein, inclusive of costs and attorney's fees;

h. Plaintiffs knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

11. <u>No Other Representations or Agreements</u>: Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the

5

agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

12. <u>No Modification Except In Writing</u>: This Agreement cannot be modified or changed except by writing, signed by the Parties, with specific reference to this Agreement.

13. <u>Execution In Counterpart</u>: This Agreement may be executed electronically (via DocuSign) and in counterpart by each party, and each executed Agreement, when taken together, shall constitute a complete Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Date: 9/19, 2021

_____
ELVIS MARTINEZ

Date: 9/19, 2021

_____
ERNESTO VERA

Date: SEPT. 16, 2021

LHOTSE CORP. dba TRIDENT CONTRACTING

By: _____

Date: SEPT. 16, 2021

LHOTSE CONTRACTING CORP.

By: _____